Allan D. NewDelman, Esq. (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: ANEWDELMAN@QWESTOFFICE.NET
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter Eleven |
| Duc Hoang Ong | Case No. 10-10498 JMM |
| | PLAN OF REORGANIZATION |
| Debtor | DATED: SEPTEMBER 22, 2010 |

Debtor, Duc Hoang Ong, hereby submits his Plan of Reorganization in accordance with 11 U.S.C. §1121(a).

## I. DEFINITIONS

As utilized in this Plan of Reorganization (hereinafter "Plan") and in the Disclosure Statement (hereinafter "Disclosure Statement") which accompanies this Plan of Reorganization, the following definitions apply to the following terms:

1. "Adequate information" means information that would enable a hypothetical reasonable investor typical of holders of claims or interest of the Debtor's estate to make an informed judgment about the Debtor's Plan of Reorganization.

2. "Allowed and Approved Claim" shall mean a timely filed Proof of Claim pursuant to an Order of the Court setting a bar date to which that claim should be filed and no objection to

the claim having been filed. If an objection to a claim is filed, said claim will be allowed to the extent ordered by the Court.

3. "Bankruptcy Code" shall mean the Bankruptcy Code as set forth in Title 11 of the United States Code.

4. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Arizona.

5. "Confirmation of the Plan" shall mean the entry of an order by the Bankruptcy Court confirming the Plan of Reorganization in accordance with §1129 of the Bankruptcy Code.

6. "Consummation of the Plan" means the accomplishment of all things required or provided for under the terms of the Plan.

7. "Court" shall mean the United States Bankruptcy Court for the District of Arizona.

8. "Creditors" shall mean all persons holding claims for secured and unsecured obligations, liabilities, demands or claims of any nature whatsoever against the Debtors arising at any time prior to confirmation of the Plan and administrative creditors.

9. "Debtor" is the petitioner in the above-captioned Bankruptcy case.

10. "Disclosure Statement" shall mean the Disclosure Statement filed in this case approved, after notice and a hearing by the Court as being in conformity with §1125 of the Bankruptcy Code.

11. "Effective date" shall be the same as the Plan distribution date as set forth herein below.

12. "Petition" means the original Chapter 11 Petition filed by the Debtor.

13. "Plan" shall mean Plan of Reorganization accompanying the Disclosure Statement as

it may be amended, modified and/or supplemented pursuant to which Debtor proposes payment in whole or in part of creditors' claims.

14. "Plan distribution date" shall be thirty (30) days from the date that the Chapter 11 Plan of Reorganization is confirmed and then thirty (30) days thereafter.

15. All other terms not specifically defined by this Plan or Disclosure Statement shall have the meaning as designated in §101 of the Bankruptcy Code or, it not contained therein, their ordinary meaning.

## II.  CLASSES OF CLAIMS

Administrative Claims.

These claims consist of the expenses of administration of the estate including attorney fees for Debtor's counsel and any unpaid fees to the U.S. Trustee

Unsecured Claims.

As reflected in the amended schedules filed by the Debtor, Debtor has unsecured claims in the sum of $223,992.54.

Secured Claims.

The original schedules reflect secured debt in the amount of $1,537,173.44.

Tax Claims.

The schedules reflect no tax claims.

Child Support Claims.

As reflected in the schedules filed by the Debtor, there are no domestic support orders against the Debtor.

3

## III. TREATMENT OF CLAIMS NOT IMPAIRED UNDER THE PLAN

Classes 1 through 5 and 10 are not impaired under the Plan in that the Plan does not alter the legal or contractual rights to which the holders of such claims are entitled and/or the Bankruptcy Code permits payment over an extended period of time and/or the holder of the claim has agreed to a different treatment. Creditors in Class 9 are disputed and are not entitled to vote.

## IV. TREATMENT OF IMPAIRED CLAIMS UNDER THE PLAN

Classes 6, 7 and 8are impaired under the Plan. All allowed and approved claims or judicially determined claims will receive those amounts as reflected in the payment schedule under the Plan (Article V of the Plan).

## V. PAYMENT SCHEDULE UNDER THE PLAN

The Plan provides for 10 classes of claims with 3 subclasses to be paid or administered in the following manner:

Administrative Claims (Class 1).

These claims are for the expenses of administration of the estate, including attorney fees for Debtor's counsel and to the U.S. Trustee, if any. The total fees incurred by the Debtor as of September 1, 2010 is $6,325.35 subject to an offset against the retainer of $3,961.00 and to which $2,364.35 will be paid under the Plan. Debtor believes, at the time that the Debtor's Chapter 11 Plan is confirmed, that there will an additional administrative expense claim in the approximate amount of $4,000.00. This claim shall be paid in cash, or in the amounts allowed by the Court upon the Plan distribution date unless otherwise agreed to between the Debtor and the administrative creditor. **(This class is not impaired.)**

4

Secured Claim (Class 2 - Auora Loan Services, Inc.)

The mortgage obligation, is secured by the Debtor's residence located at 10376 East Hillery Drive, Scottsdale, AZ. Debtor shall continue to make all payments that come due. The pre-petition mortgage arrearage in the amount of $11794.33 shall be paid as set forth on the Disbursement Schedule attached hereto as Exhibit "A". **(This class is not impaired.)**

Secured Claim (Class 2A - GMAC Mortgage ).

Creditor is secured by a second position lien on the real property located at 10376 East Hillery Drive, Scottsdale, AZ. A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on August 20, 2010, Adversary Case No. 10-01524 JMM. The Debtor believes that he will prevail in the adversary case. The Creditor shall have a general unsecured claim in the amount of $59,473.79 which shall be paid as a member of Class 8.The Creditor's lien shall be deemed released only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. **(This class is not impaired and/or no claim will exist in this Class.).**

Secured Claim (Class 2B - JP Morgan Chase Bank, N.A).

Creditor is secured by a third position lien on the real property located  10376 East Hillery Drive, Scottsdale, AZ. A Complaint to Determine the Validity, Priority or Interest in Property was filed against the Creditor on August 20, 2010, Adversary Case No. 10-01523 JMM. The Debtor believe that he will prevail in the adversary case. The Creditor shall have a general unsecured claim in the amount of $123.732.03 which shall be paid as a member of Class 8. The Creditor's lien shall be deemed released only upon the entry of discharge. However, the Debtor make seek release of the

5

lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim (Class 3 - Aurora Loan Services).

Creditor is secured by a first mortgage position on the real property located at 8786 West State Avenue, Glendale, AZ. The lien shall be modified to reflect the secured amount of $165,000.00 only upon the entry of discharge. However, the Debtor make seek release of the lien prior to Debtor's substantial consummation of the Chapter 11 Plan and receipt of a Chapter 11 discharge in the event of a sale or refinancing of the property. Any pre-petition mortgage arrearage shall be deemed satisfied by the Judgment reducing the principal balance of the Note to $165,000.00. The Debtor's payments under the loan will be re-amortized at the current contract rate of interest over the remaining term of the loan. The Creditor shall provide the Debtor with the new payment amount within 30 days from the date that an Order confirming the Debtor's Chapter 11 Plan of Reorganization is entered by the Court. The Creditor shall have no claim against either the Debtor, or its principal for the unsecured portion of the loan which is believed to be $107,424.82 as this is a non-recourse loan. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is impaired and/or no claim will exist in this Class.)**

Secured Claim (Class 4 - Wachovia Mortgage ).

Creditor is secured by a mortgage on the real property located at 9455 East Raintree Drive, Scottsdale, AZ. Debtor shall continue to make all payments that come due. **(This class is not impaired.)**

6

Secured Claim (Class 4A - Wells Fargo Bank, N.A.).

Creditor is secured by a second mortgage lien on the real property located at 9455 East Raintree Drive, Scottsdale, AZ. Debtor shall continue to make all payments that come due. **(This class is not impaired.)**

Secured Claim (Class 5 - Sunrise Bank of Arizona).

Creditor is secured by a mortgage lien on the commercial property located at 801 North Highway 79, Florence, AZ 85132. Debtor will surrender the property in full satisfaction of the Creditor's claim. The Creditor shall have no deficiency or other general unsecured claim against the debtor or this estate. The confirmed Plan shall be *res judicata* and shall forever bar any claim (whether secured, unsecured or otherwise) of said creditor against the debtor or the estate. **(This class is not impaired.)**

Secured Claim (Class 6 - M&I Marshall Bank & Illsey Bank).

Creditor is secured by a lien on a 2005 Chevrolet Silverado. Debtor shall continue to make the monthly contractual payments, plus an additional $25.00 per month, outside the Plan, as they come due. **(This class is impaired.)**

Secured Claim (Class 7 - American Honda Finance Corp.).

Creditor is secured by a lien on a 2007 Honda Odyssey. Debtor shall continue to make the monthly contractual payments, plus an additional $25.00 per month, outside the Plan, as they come due. **(This class is impaired.)**

Unsecured Claims (Class 8)

All allowed and approved claims under this Class shall be paid, *pro rata,* from all funds available for distribution as set forth in the Disbursement Schedule attached hereto as Exhibit "A."

7

**(This class is impaired.)** Class 8 shall be made up of the following creditors with allowed claims:

| Creditor Name | Claim No. | Claim Amount |
|---|---|---|
| Discover Bank | 1 | $ 2,438.80 |
| Wells Fargo Bank, N.A. | 2 | $ 8,311.96 |
| JP Morgan Chase Bank, N.A. | 4 | $ 87,755.42 |
| Chase Bank USA, N.A. | 6 | $ 10,508.36 |
| Chase Bank USA, N.A. | 7 | $ 17,371.36 |
| Citbank South Dakota NA | 12 | $ 18,719.20 |
| Bank of America | NC | $ 21,235.35 |
| Bank of America | NC | $ 2,985.33 |
| Chase Bank, USA | NC | $ 3,508.43 |
| CitiBank | NC | $ 17,310.44 |
| FIA Card Services | NC | $ 21,599.00 |
| FIA Card Services | NC | $ 21,243.00 |
| GMAC Mortgage | NC | $ 59,473.09 |
| JPMorgan Chase Bank, N.A. | NC | $123,732.03 |
| Wells Fargo Bank, N.A. | NC | $ 7,784.89 |
| West Asset Management | NC | $ 1,504.61 |
| TOTAL | | $414,882.91 |

Disputed Claims (Class 9)

Class 9 shall consist of those claims in which the Debtors marked as disputed in its Schedules and to which no proof of claim has been filed. In the event that any such claim becomes proven and/or allowed by the Court, these creditors will be paid as members of Class 8. **(This class is not impaired and/or no claim will exist in this Class).** Class 9 shall be made up of the following creditors on the attached Schedule, Exhibit "C"

Debtor's Interest (Class 10)

Debtor shall retain all of the legal and equitable interest in exempt and non-exempt assets of this estate, as all reconciliation issues have been met. All estate property shall vest in the Debtor at confirmation. **(This class is not impaired).**

8

# VI. DISPUTED CLAIMS

Debtor reserves the right to verify and object to any proof of claim. Payment of disputed claims shall be made only after agreement has been reached between the Debtor and the Creditor or upon the order of the Court. Any and all objections to proofs of claim will be filed within sixty (60) days of the Effective Date of this plan or will be waived.

# VII. . EXECUTORY CONTRACTS

All leases with the Debtor's tenants will be deemed assumed and be honored.

# XI. DOMESTIC SUPPORT OBLIGATIONS

The Debtor does not have any ongoing Court ordered support obligations.

# XII. MEANS OF EXECUTION/PROJECTION

This Plan will be a base Plan with minimum payments of all timely filed and allowed claims to be made as set forth in the attached Disbursement Schedule. The total amount to be paid to the unsecured creditors will be $7,950.0. The Debtor may increase the amount of the payments set forth in the Disbursement Schedule should the Debtor's income permits. The funds necessary for the satisfaction of all approved and allowed claims will be derived from the Debtor's earned income. The Debtor reserves the right to accelerate payment under the Plan from financing obtained from third party financing. Debtor believes that by virtue of the Plan that he will have the ability to pay all allowed and approved claims pursuant to the Plan of Reorganization.

**The secured claim of Sunrise Arizona Bank will be satisfied in full by the surrender of the property/collateral to the respective lien holder. No deficiency claim or general unsecured claim shall be allowed. Confirmation of the Plan shall be res judicata and forever bar any claim (secured, unsecured or otherwise) by of Sunrise Arizona Bank.**

9

11 U.S.C. §1129(a)(15) provides for confirmation of a Chapter 11 Plan of Reorganization in which the Debtor is an individual over the objection by a creditor to the confirmation of the Plan. While the Debtors do not foresee any objections to their Plan of Reorganization, the Debtors submit that they have met the absolute priority rule because the amount to be paid under the Plan is greater than the amount that any general unsecured creditor would received if this case were a case under Chapter 7.[1] The "value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the plan provides payments, whichever is longer." 11 U.S.C. §1129(a)(15)(B). In this case the Debtors will contribute their disposable income for 60 months.

## X. QUARTERLY FEES AND REPORTS

Debtor shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtor shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization. At such time, Debtor shall cease filing monthly operating reports and shall begin filing 90 day reports. These 90 day reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

## XI. IMPLEMENTATION AND CONSUMMATION OF PLAN

---

[1] The Liquidation Analysis, attached hereto as Exhibit C, shows that the general unsecured creditors would receive nothing if this case had been filed as a Chapter 7. The Debtor proposes to pay their general unsecured creditors the sum of $7,900.00 over a period of 72 months from the date that the Chapter 11 Plan is confirmed.

10

The terms of the Plan subsequent to confirmation shall bind the Debtor, any entity acquiring property under the Plan, and creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtor and shall be free from attachment, levy, garnishment or execution by creditors bound by the Plan.

Subsequent to confirmation of the Plan of Reorganization, the Debtor shall continue to engage in his business as presently conducted or in such form or manner as the Debtor may deem advisable. The Plan does not provide for the liquidation of all or substantially all of the property of the estate. Notwithstanding the foregoing, however, the Debtor shall be free to operate in the ordinary course and may, without any further order of the Court, convey, sell, assign, purchase, or lease any property of or for the benefit of the estate.

It shall be the obligation of each creditor participating under the Plan to keep the Debtor advised of its current mailing address. In the event any payments tendered to creditors are mailed, postage prepaid, addressed (1) to the address specified in the Debtor's schedules and statement, (2) to the address specified in any proof of claim filed by a creditor or claimant herein or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to a lack or insufficiency of address or forwarding address, the Debtor shall retain such distribution for a period of six months. Thereafter, the distribution shall revert to the Debtor without further Order of the Court and free and clear of any claim of the named distributee. The Debtor shall thereafter not be required to mail subsequent distributions to any creditor for whom a distribution has been returned by the Post Office. The Debtor reserves the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the Plan still complies with §1122 and

11

§1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1123 of the Bankruptcy Code. Any holder of a claim or interest that has been previously accepted or rejected a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

## XII. CLOSING OF CASE

The Debtors may seek a final decree and an Order closing this case upon the conclusion of all administrative matters and provided that the Debtors have commenced payments required to be made pursuant to the Plan of Reorganization. All creditors shall remain bound by terms and conditions set forth in the Debtors' Chapter 11 Plan of Reorganization. No creditor shall be allowed to take any collection action against the Debtors as long as the Debtors remain in compliance with its Chapter 11 Plan of Reorganization.

## XIII. DEFAULT

The Debtor's failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtor and the affected creditor agree to delayed payment.

Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

## XIV. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the

12

allowance of claims or objection to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtor shall not be bound by estoppel, the principles of res judicata or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed.

DATED this 22nd day of September, 2010.

ALLAN D. NEWDELMAN, P.C.

/s/ Allan D. NewDelman
Allan D. NewDelman
Attorney for Debtor

A copy of the foregoing
mailed/delivered this 22nd
day of September, 2010, to:

Elizabeth C. Amorosi, Esquire
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, Arizona 85003

/s/ R. Scott Graves
R. Scott Graves
Paralegal

13

**APPROVED:**

_____
DUC HOANG ONG

# EXHIBIT "A"

## DUC HOANG ONG
## USBC 10-10498 JMM
### Distribution of Payments to Made Under Chapter 11 Plan

| Quarter Ending | ADN Admin Claim | Aurora Secured Claim | General Unsecured Creditors | Total Monthly Payment |
|---|---|---|---|---|
| Month 1 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 2 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 3 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 4 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 5 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 6 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 7 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 8 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 9 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 10 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 11 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 12 | 150.00 | 100.00 | 100.00 | **350.00** |
| **YEAR 1 TOTALS** | **$1,800.00** | **$1,200.00** | **$1,200.00** | **$4,200.00** |
| Month 13 | 200.00 | 165.00 | 100.00 | **465.00** |
| Month 14 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 15 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 16 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 17 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 18 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 19 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 20 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 21 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 22 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 23 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 24 | 150.00 | 100.00 | 100.00 | **350.00** |
| **YEAR 2 TOTALS** | **$1,850.00** | **$1,265.00** | **$1,200.00** | **$4,315.00** |

### DUC HOANG ONG
### USBC 10-10498 JMM
### Distribution of Payments to Made Under Chapter 11 Plan

| Quarter Ending | ADN Admin Claim | Aurora Secured Claim | General Unsecured Creditors | Total Monthly Payment |
|---|---|---|---|---|
| Month 25 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 26 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 27 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 28 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 29 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 30 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 31 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 32 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 33 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 34 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 35 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 36 | 150.00 | 100.00 | 100.00 | **350.00** |
| **YEAR 3 TOTALS** | **$1,800.00** | **$1,200.00** | **$1,200.00** | **$4,200.00** |
| Month 37 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 38 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 39 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 40 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 41 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 42 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 43 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 44 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 45 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 46 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 47 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 48 | 0.00 | 250.00 | 100.00 | **350.00** |
| **YEAR 4 TOTALS** | **$150.00** | **$2,850.00** | **$1,200.00** | **$4,200.00** |

# DUC HOANG ONG
## USBC 10-10498 JMM
### Distribution of Payments to Made Under Chapter 11 Plan

| Quarter Ending | ADN Admin Claim | Aurora Secured Claim | General Unsecured Creditors | Total Monthly Payment |
|---|---|---|---|---|
| Month 49 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 50 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 51 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 52 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 53 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 54 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 55 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 56 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 57 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 58 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 59 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 60 | 0.00 | 250.00 | 100.00 | 350.00 |
| **YEAR 5 TOTALS** | **$0.00** | **$3,000.00** | **$1,200.00** | **$4,200.00** |
| Month 61 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 62 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 63 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 64 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 65 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 66 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 67 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 68 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 69 | 0.00 | 250.00 | 100.00 | 350.00 |
| Month 70 | 0.00 | 29.33 | 350.00 | 379.33 |
| Month 71 | 0.00 | 0.00 | 350.00 | 350.00 |
| Month 72 | 0.00 | 0.00 | 350.00 | 350.00 |
| **YEAR 6 TOTALS** | **$0.00** | **$2,279.33** | **$1,950.00** | **$4,229.33** |
| **GRAND TOTALS** | **$5,600.00** | **$11,794.33** | **$7,950.00** | **$25,344.33** |

| Quarter Ending | ADN Admin Claim | Aurora Secured Claim | General Unsecured Creditors | Total Monthly Payment |
|---|---|---|---|---|
| Month 1 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 2 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 3 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 4 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 5 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 6 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 7 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 8 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 9 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 10 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 11 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 12 | 150.00 | 100.00 | 100.00 | **350.00** |
| **YEAR 1 TOTALS** | **$1,800.00** | **$1,200.00** | **$1,200.00** | **$4,200.00** |
| Month 13 | 200.00 | 165.00 | 100.00 | **465.00** |
| Month 14 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 15 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 16 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 17 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 18 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 19 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 20 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 21 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 22 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 23 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 24 | 150.00 | 100.00 | 100.00 | **350.00** |
| **YEAR 2 TOTALS** | **$1,850.00** | **$1,265.00** | **$1,200.00** | **$4,315.00** |

**DUC HOANG ONG**
**USBC 10-10498 JMM**
**Distribution of Payments to Made Under Chapter 11 Plan**

| Quarter Ending | ADN Admin Claim | Aurora Secured Claim | General Unsecured Creditors | **Total Monthly Payment** |
|---|---|---|---|---|
| Month 25 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 26 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 27 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 28 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 29 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 30 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 31 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 32 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 33 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 34 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 35 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 36 | 150.00 | 100.00 | 100.00 | **350.00** |
| **YEAR 3 TOTALS** | **$1,800.00** | **$1,200.00** | **$1,200.00** | **$4,200.00** |
| Month 37 | 150.00 | 100.00 | 100.00 | **350.00** |
| Month 38 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 39 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 40 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 41 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 42 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 43 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 44 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 45 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 46 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 47 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 48 | 0.00 | 250.00 | 100.00 | **350.00** |
| **YEAR 4 TOTALS** | **$150.00** | **$2,850.00** | **$1,200.00** | **$4,200.00** |

**DUC HOANG ONG**
**USBC 10-10498 JMM**
**Distribution of Payments to Made Under Chapter 11 Plan**

| Quarter Ending | ADN Admin Claim | Aurora Secured Claim | General Unsecured Creditors | Total Monthly Payment |
|---|---|---|---|---|
| Month 49 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 50 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 51 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 52 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 53 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 54 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 55 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 56 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 57 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 58 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 59 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 60 | 0.00 | 250.00 | 100.00 | **350.00** |
| **YEAR 5 TOTALS** | **$0.00** | **$3,000.00** | **$1,200.00** | **$4,200.00** |
| Month 61 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 62 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 63 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 64 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 65 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 66 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 67 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 68 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 69 | 0.00 | 250.00 | 100.00 | **350.00** |
| Month 70 | 0.00 | 29.33 | 350.00 | **379.33** |
| Month 71 | 0.00 | 0.00 | 350.00 | **350.00** |
| Month 72 | 0.00 | 0.00 | 350.00 | **350.00** |
| **YEAR 6 TOTALS** | **$0.00** | **$2,279.33** | **$1,950.00** | **$4,229.33** |
| **GRAND TOTALS** | **$5,600.00** | **$11,794.33** | **$7,950.00** | **$25,344.33** |